**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VERBAL JUDO INSTITUTE, Inc. and the
GEORGE J. THOMPSON REVOCABLE TRUST

                    Plaintiff,

-against-

            Civil Action No.: 5:26-CV-0996 (AJB/MJK)
            Complaint
            **JURY TRIAL DEMANDED**

DEFENCIFY TRAINING, Inc. and
DEFENCIFY LIMITED LIABILITY COMPANY,
                    Defendant.

---

      Plaintiffs, Verbal Judo Institute, Inc., and the George J. Thompson Revocable Trust (hereinafter collectively "Plaintiff") complaining of the defendant in the above-entitled action ("Defendant"), by Heslin Rothenberg, Farley & Mesiti. P.C., its attorneys, alleges as follows:

## JURISDICTION AND VENUE

      1.    This is an action for copyright infringement, arising under 17 U.S.C. §§ 101, et seq. and for trademark/service mark infringement and unfair competition arising under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for state common law trademark/service mark infringement, for trademark/service mark dilution under N.Y. Gen. Bus. Law § 360-l, for deceptive trade practice under N.Y. Gen. Bus. Law § 349, for use of name with intent to deceive under N.Y. Gen. Bus. Law § 133.

      2.    This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367.

      3.    This Court has personal jurisdiction over Defendant pursuant to New York Civil Practice Law and Rules § 302 because Defendant has purposefully directed its infringing

1

activities toward the Northern District of New York and has transacted business within this District.  Defendant's conduct constitutes the transaction of business within this District under CPLR § 302(a)(1).  Defendant has committed tortious acts outside this District that have caused injury within this District, within the meaning of CPLR § 302(a)(3).

4.     Upon information and belief, Defendant has sold and continues to sell the infringing courses to customers located within the Northern District of New York through its interactive website, and such sales constitute purposeful availment of this forum (a representative of Plaintiff purchased an infringing course on March 4, 2026).

5.     This Court has personal jurisdiction over the parties.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District, including the injury to Plaintiff, and because Defendant is subject to personal jurisdiction in this District.

**PARTIES**

7.     Verbal Judo Institute, Inc. ("VJI") is and at all relevant times herein has been a for-profit corporation organized and operating under the laws of the State of Florida, that maintained a principal place of business at 1 66 Stryker Ave, Auburn, NY 13021 with a mailing address of PO Box 222 Auburn, NY 13021, which provides courses and materials related to tactical communications.

8.     The George J. Thompson Revocable Trust (the "Trust") as administered by Trustee Pamela L. Thompson, President of VJI, owns the registered copyrights of the late Dr. George J. Thompson Ph.D., the Founder and past President of VJI, who originated the tactical communication style and technique sold by VJI as "Verbal Judo" and began teaching it in 1983, founding VJI in 1994.

9.      VJI and the Trust are controlled by Pamela L. Thompson.

10.     Upon information and belief, Defencify Training, Inc. and Defencify Limited Liability Company, which are jointly controlled and both do business as "Defencify" (hereinafter "Defencify" or "Defendant"), are for-profit companies with a principal place of business at 2173 E Horizon Dr., Salt Lake City, Utah 84111, and promote themselves as a national training and certification company for security guards and include in their courses, tactical communications.

## BACKGROUND FACTS

### Plaintiff, Plaintiff's Copyrights, and Plaintiff's Marks

11.     VJI offers training seminars and publications that educate individuals, including law enforcement, in an original tactical communication style called "Verbal Judo," which is a communication technique that seeks to defuse conflict and redirect behavior into more positive channels.  VJI promotes the Verbal Judo branded communication style called as a method of providing public safety personnel with tactical communication skills.  Verbal Judo courses and materials are provided to police, corrections, and security professionals, but have also been tailored to other organizations, including mental health, the gaming industry, government, and hospitals.  VJI offers materials and training sessions in Verbal Judo on four continents and in three different languages and has trained over one million people in this communication technique.  Upon taking certain courses, students become "certified" in Verbal Judo and take re-certification courses at the expiration of certification terms.

12.     VJI is an innovator in tactical communication for conflict diffusion and resolution and entered the market around providing educational courses in effective verbal communication, without notable competition in the arena.  As aforementioned, the late Dr. Thompson originated

the Verbal Judo communication style and technique and began teaching it in 1983, founding VJI in 1994.

13.     VJI was incorporated in Florida on March 17, 1999, and is currently operated by Dr. Thompson's widow and primary beneficiary of his estate, Ms. Thompson, who serves as President of VJI, assuming the role on July 15, 2016.

14.     Throughout his tenure at VJI, and before VJI's incorporation, Dr. Thompson protected the intellectual property that he created for VJI including by registering for copyright protections to protect the intellectual property embodied in his original texts.  Today, the Trust owns the right, title and interest in the registered copyrighted works.

15.     Dr. Thompson began registering the texts he authored and he and other VJI instructors utilized in "Verbal Judo" branded trainings, for federal copyright protection, on November 7, 1983.  The first registration was for a book he authored that remains available for purchase today from major retailers, entitled "Verbal judo: words for street survival," (U.S. Copyright Registration No. TX0001292474, Publisher: Charles C Thomas Pub Ltd (1983), ASIN: B003L2UGC6).  Subsequent copyright registrations in which Plaintiff owns the right, title and interest include: Copyright Registration No. TXu000860187, for the text entitled "Verbal judo for law enforcement officers: advanced instructor course," U.S. Copyright Registration No.TXu000850239, for the text entitled "Verbal Judo for law enforcement officers: instructor course," U.S. Copyright Registration No. TXu000849582, for the text entitled "Verbal Judo for law enforcement supervisors," U.S. Copyright Registration No. Xu000850764 / 1998-04-22, for the text entitled "Verbal judo for the contact professional," U.S. Copyright Registration No. TX0001153776, for the text entitled "Verbal judo: mastering confrontations with words / presented by George J. Thompson; ill. by Jack Kutz," U.S. Copyright Registration No.

TXu000927236, for the text entitled "Verbal judo presentation software for PowerPoint 95 or 97," U.S. Copyright Registration No. TXu000873269, for the text entitled "Verbal judo professional writing," U.S. Copyright Registration No. X0003845424, for the text entitled "Verbal judo: redirecting behavior with words / George J. Thompson," U.S. Copyright Registration No. TX0005976967, for the text entitled "Verbal judo: the gentle art of persuasion / George J. Thompson and Jerry B. Jenkins," U.S. Copyright Registration No. TX0003556450, for the text entitled "Verbal judo: the gentle art of persuasion / George J. Thompson and Jerry B. Jenkins," U.S. Copyright Registration No. TX0007876085, for the text entitled "VERBAL JUDO (UPDATED VERSION) FOREWORD," and U.S. Copyright Registration No. TX0007923753, for the text entitled "VERBAL JUDO (UPDATED VERSION) NEW CHAPTER," (collectively the "VJ Copyrighted Works").  Copies of the records of these registrations from the Copyright Office database are attached as **Exhibits 1–10**.

16.     Dr. Thompson, on behalf of VJI, later sought to register, federally, trademarks that Dr. Thompson first used in commerce around January 1, 1985, and that VJI continues to use today.  VJI first applied to register certain of its trademarks on February 5, 2008, and based on these initial registration applications, the United States Patent and Trademark Office (USPTO) registered the following trademarks on its principal register: U.S. Trademark Registration No. 3656514, for the word mark "VERBAL JUDO," U.S. Trademark Registration No. 3566773, for the word mark "TAC COM," tactical communication, a central tenet of Verbal Judo, and U.S. Trademark Registration No. 3649398, for a stylized logo that includes a "V" and a "J," representing Verbal Judo.

17.     In June of 2011, Dr. Thompson passed away and the ownership of VJI and its intellectual property was in dispute based on a lack of clarity regarding Dr. Thompson's will

between Ms. Thompson and Mr. Lee Fjelstad; Mr. Fjelstad acted at various times as President and Vice President of VJI, assumed leadership of VJI and became executor of Dr. Thompson's estate. This dispute was not settled until the Auburn County Court issued Letters Testamentary on July 12, 2016, placing Ms. Thompson in charge of all assets related to VJI and Dr. Thompson, including all trademarks and copyrights.

18.    During the transitional period, the deadline to file a Declarations of Use for the initial trademarks were unknown to Ms. Thompson and not addressed by Mr. Fjelstad, so, inadvertently, no Declaration of Use was filed. The USPTO cancelled these registrations on February 26, 2016 (VERBAL JUDO), February 12, 2016 (stylized V and J), and August 28, 2016 (TAC COM). Despite the cancellation of the marks, VJI continued to operate throughout the dispute and continued its use of these marks in commerce.

19.    After the resolution of the dispute, consistent with the terms of Last Will and Testament of Dr. Thompson, Ms. Thompson, as a personal representative of the Estate of George J. Thompson, transferred and assigned unto herself, as Trustee of the George J. Thompson Revocable Trust Agreement for the Trust, all copyrights standing or registered in the name of George J. Thompson, George J. Thompson, III or the Estate of George J. Thompson. This transfer was recorded at the United States Copyright Office. Attached as **Exhibit 11** is the transfer agreement and attached as **Exhibit 12** is the Certificate of Recordation.

20.    At VJI's direction, now under the control of Ms. Thompson, new applications were filed on March 16, 2016, on behalf of VJI, to re-register the cancelled marks, that VJI let lapse inadvertently. These marks were registered by the USPTO on its principal register on October 25, 2016. On March 16, 2024, at the direction of VJI, an application to register the word mark "VERBAL JUDO ESSENTIALS" was submitted to the USPTO. This mark registered on

July 2, 2024. Thus, today, VJI owns the right, title and interest in federally registered trademarks including: U.S. Trademark Registration No. 5067757, for the word mark "VERBAL JUDO," U.S. Trademark Registration No. 5067759, for the word mark "TAC COM," U.S. Trademark Registration No. 5067758, for the stylized logo that includes a "V" and a "J," and U.S. Trademark Registration No.7432322 for the word mark "VERBAL JUDO ESSENTIALS" (collectively the "VJ Marks"). Copies of the certificates of registration of the examples of these marks discussed below are attached as **Exhibits 13-16**.

21. The first three VJ Marks are registered in international classes 9 and 41. Goods described are pre-recorded instructional video tapes, CDs, DVDs, and DVD-R discs, in the fields of effective verbal communication and negotiation. Services described are education services, namely, providing live and on-line classes, seminars and workshops in the field of effective verbal communication and negotiation. The fourth mark of the VJ Marks was registered in class 41 with services described as education services, namely, providing on-line classes, seminars, and workshops in the field of effective verbal communication and verbal conflict de-escalation; Providing online non-downloadable electronic publications in the nature of books, magazines, and brochures in the field of effective verbal communication and verbal conflict de-escalation.

22. VJI uses the VJ Copyrighted Works with the permission of the Trust. The VJ Copyrighted Works form the basis of all VJI course materials and trainings and many of the new materials produced by VJI are derivative works of the VJ Copyrighted Works.

23. VJI and Dr. Thompson are famous nationally and internationally and have acquired an extensively acclaimed reputation for excellence among police, corrections, and security professionals.

24.     VJI's success in building its international reputation for excellence has enabled it to attract students from throughout the world to various training locations to certify and re-certify in "Verbal Judo" branded courses.

25.     From its founding through today, VJI has developed and maintained a reputation as a premiere provider of professional conflict mitigation training.  VJI has branch offices in Canada and Australia, has been publicized by mainstream media outlets, and one of the "Verbal Judo" branded courses became a required course for law enforcement officer in many states in the United States.

26.     As a result of its long experience, care and skill in providing superior communication instruction, VJI has distinguished itself as both the original provider of this type of instruction as well as an elite instruction provider across many professional institutions, and specifically, but limited to, within the law enforcement community.

27.     VJI, the VJ Marks, and the VJ Copyrighted Works have not only become famous nationally and internationally but also have acquired an extensively acclaimed reputation for excellence among police, corrections, and security professionals.

28.     VJI's success in building its international reputation for excellence has enabled it to attract students from throughout the world to various training locations to certify and re-certify in "Verbal Judo" branded courses.

29.     A part of VJI's success is its maintenance of certifications through the International Association of Directors of Law Enforcement Standards (IASLEST) and the Training Commission on Accreditation for Prehospital Continuing Education (CAPCE).  IADLEST is an association of standards and training managers and leaders with a primary focus of in criminal justice standards and training.  CAPCE is the recognized leader for continuing

education in emergency medical services (EMS) and promotes its evolution and growth through development of continuing education standards, encouragement of innovative learning solutions, the support of continuous learning opportunities and the assurance of optimal learning experiences to prepare all EMS providers for their professional challenges.  VJI complies with strict guidelines so that these organizations will continue to provide accreditation through VJI's courses.  **Exhibit 17** is the most recent approval letter received by VJI from CAPCE.

30.     VJI has spent and continues to spend large sums of money in the promotion, advertisement, and sale of its goods and services under its "Verbal Judo" name and the VJ Marks, as well as to maintain its accreditations, and by reason of such advertising and the high quality of its services carrying such trademarks and due to the content of its offerings, VJI enjoys a valuable goodwill and an enviable reputation with respect to its trademarks and copyrighted materials, in particular, the services and products associated therewith.

**Defendant and its Unauthorized Use of the VJ Marks and the VJ Copyrighted Works**

31.     Upon information and belief, Defendant came into possession of the VJ Copyrighted Works.  This access is evidenced by specific references to a work of the VJ Copyrighted Works in a course offered by Defendant.

32.     Defendant has incorporated certain of the VJ Copyrighted Works and its unauthorized derivative works into its own educational services and products.

33.     Upon information and belief, Defendant is a Utah company that operates a commercial, interactive website through which it offers, displays, distributes, and sells infringing goods and/or services, including those that incorporate Plaintiff's copyrighted works and infringing uses of Plaintiff's marks, to customers throughout the United States, including customers located in the Northern District of New York.

34.    Upon information and belief, Defendant has offered for sale, marketed, distributed, and/or sold infringing goods and/or services to consumers located within the Northern District of New York, and has thereby purposefully availed itself of the privilege of conducting activities within this District.

35.    At least as early as August 10, 2024, Defencify began offering online courses to its clients and to the general public through its website including a course called "Using 'Verbal Judo'" which it advertised as having "1000's of Graduates."  **Exhibit 18** is a screenshot from the Wayback machine showing that the course was offered on this date.  **Exhibit 19** is a March 6, 2026, screenshot from Defendant's website where a consumer can purchase the  "Using 'Verbal Judo'" course.

36.    On information and belief, Defencify services customers in the Northern District of New York and is aware that it services these customers as its trainings are available to customers in the Northern District of New York and Defencify lists on its website job postings for jobs in the Northern District of New York.

37.    On information and belief, Defencify created and offered, to paid subscribers to their resources, a 90-minute video that allegedly "shows Verbal Judo in action."  **Exhibit 20** is a screenshot from the Defencify's "Using 'Verbal Judo'" course which references this video.

38.    On March 4, 2026, Luke Bennett, on behalf of VJI and at the direction of VJI, purchased and took Defencify's "Using 'Verbal Judo'".  On information and belief, the course was available for purchase nationally, including to customers in the Northern District of New York.

39.    Defendant incorporated its "Using 'Verbal Judo'" course into many of its training programs.  Exhibits **20-25** are screenshots of webpages showing the infringing use by Defencify,

as related to the "Using 'Verbal Judo'" course, to advertise, promote, offer for sale, and/or sell products.  **Exhibit 21** is a screenshot from Defendant's website showing the "Using 'Verbal Judo'" course as an element of Defendant's "Utah School Guardian Program" course offering. **Exhibit 22** is a screenshot from Defendant's website showing the "Using 'Verbal Judo'" course as an element of Defendant's "Gold Certification – Defencify Academy" course offering. **Exhibit 23** are screenshots from Defendant's website showing the "Using 'Verbal Judo'" course as an element of Defendant's security guard training bundles for security guards in Idaho, Kentucky, South Dakota, Wyoming, Mississippi, Kansas, and Nebraska.  **Exhibit 24** is a screenshot from Defendant's website showing the "Using 'Verbal Judo'" course as an element of Defendant's "GuardForce Mastery: The Ultimate Security Guard Training Program" course offering.

40.    Defendant's "Using 'Verbal Judo'" course includes unlawful use of both the VJ Marks and the VJ Copyrighted Works.  The course is branded with the VJI's "VERBAL JUDO" registered trademark, which is repeated throughout, but additionally, the content of the course was copied and/or derived from the VJ Copyrighted Works.  **Exhibit 25** is the cover page of Defendant's "Using 'Verbal Judo'" course.  **Exhibit 26** is slide where Defendant has summarized content from the VJ Copyrighted Works.  **Exhibit 27** is a chart mapping the content of the slides from the "Using 'Verbal Judo'" course to the intellectual property of Plaintiff. **Exhibit 28** is a collection of slides from the "Using 'Verbal Judo'" course followed by photocopies of pages of the VJ Copyrighted Works from which the material in the slide was unlawfully copied.  Each slide is followed by excerpts from the VJ Copyrighted Works.  These examples are not exhaustive.

41.     Not only does Defencify's "Using 'Verbal Judo'" unlawfully utilize the VJ Copyrighted Works, both verbatim and paraphrased, and is advertised, marketed and sold under one of the VJ Marks, it also include images of Dr. Thompson and references to Dr. Thompson, suggesting a non-existent relationship or sponsorship.  **Exhibit 29** is a collection of additional slides from Defencify's "Using 'Verbal Judo'" course which feature images of and quotes from Dr. Thompson and references to the VJ Copyrighted Works, evidencing the bad faith of Defendant.

42.     The courses offered by Defencify, which incorporated the VJ Marks and the VJ Copyrighted Material, alleged to provide "Defencify Academy Certification."  On information and belief, Defencify is not accredited to provide professional certifications by any recognized professional accreditation organization.

43.     On information and belief, Defendant has entered into unauthorized sub-licensing relationships with third parties and provides its unauthorized derivative works, which incorporate the VJ Copyrighted Works, to these third parties for use in administering trainings and programs under the direction of Defendant.  On information and belief, Defendant has directed these third parties in the creation of further unauthorized derivative works of the VJ Copyrighted Works.

44.     Neither VJI nor the Trust provided Defendant with a license or with any permission to incorporate the VJ Copyrighted Works or the VJ Marks into Defendant's course offerings or video nor authorized Defendant to include the VJ Copyrighted Works or the VJ Marks into any certification it provides nor any accreditation Defendant seeks with a professional accreditation organization.

45.     When VJI and the Trust became aware of the  "Using 'Verbal Judo'" course and the video, on March 6, 2026, it sent, on behalf of VJI, a letter to Defendant asking Defendant to

cease and desist infringing usage of the VJ Copyrighted Works and VJ Marks, requesting a response by March 20, 2026. The letter included documentary evidence of Plaintiff's intellectual property rights and examples of Defendant's infringing uses. The letter is attached as **Exhibit 30**.

46. On Thursday, March 20, 2026, Plaintiff received a response from Suzanne Monteer, Defendant's Director of Compliance & Market Expansion, requesting more time to provide an accounting on Defendant's use of the intellectual property alleged to be infringed. VJI responded granting this extension and on March 29, 2026, Ms. Monteer provided an accounting but alleged that only $1,000 was due to Plaintiff for the alleged copyright infringement and did not respond to the allegations of trademark infringement. These communications are attached as **Exhibit 31** and the spreadsheet provided by Defendant is attached as **Exhibit 32**. The information on the spreadsheet is inconsistent with the website's claim of "1000's of Graduates."

47. VJI responded to Ms. Monteer with an offer to settle and a rejection of her request for a license for Defendant and then, VJI received a series of communications from Defendant's counsel. The communications requested citations to the alleged infringement of VJ Copyrighted Works, which VJI provided. No communication acknowledged the alleged trademark infringement. Defendant has been consistent in failing to acknowledge VJI's trademark rights.

48. After an April 11, 2026, communication from VJI to Defendant, all communications paused until Monday April 27, 2026. In this penultimate series of communication, VJI responded to claims by Defendant's attorney that "[Defendant's Counsel] have already reviewed all of Defencify's materials, and we believe that while there were references to 'Verbal Judo,' there was no copying of any of Verbal Judo's copyrighted materials,

13

nor were the general descriptions of verbal de-escalation techniques derivate works of Verbal Judo's copyrighted materials."  VJI responded with additional direct citations to VJI's Copyrighted Works and the use of the VJ Marks in the course offered by Defendant.  This series of communications in attached at **Exhibit 33**.

49.     On April 27, 2026, Defendant's counsel re-engaged with Plaintiff's counsel. However, no resolution has been reached at the time of this filing and Plaintiff elected not to continue waiting.

50.     All told, Plaintiff has made multiple attempts to contact Defendant to ask Defendant to resolve this dispute regarding Defendant's unauthorized use of the VJ Copyrighted Works as well as its use of the "VERBAL JUDO" trademark, but upon information and belief, Defendant has no interest in settling this matter outside of a court of law.

51.     Defendant's acts of copyright infringement and trademark infringement have caused and continue to cause injury to Plaintiff within the Northern District of New York, including but not limited to lost sales, damage to goodwill, consumer confusion, and harm to Plaintiff's reputation.

52.     With respect to Plaintiff's trademark claims, Defendant's unauthorized use of Plaintiff's marks has caused and is likely to cause confusion among consumers within the Northern District of New York, resulting in injury to Plaintiff's goodwill and business within this District.

53.     With respect to Plaintiff's copyright claims, Defendant's unauthorized reproduction, distribution, display, and/or performance of Plaintiff's copyrighted works has caused injury to Plaintiff within the Northern District of New York, where Plaintiff is located and where it suffers economic harm.

54.     Defendant knew or should have known that its infringing conduct would have consequences within the Northern District of New York, where Plaintiff is located and conducts business, and Defendant derives substantial revenue from interstate commerce.

55.     Defendant's infringement was knowing or, at minimum, reckless. Defendant's own course materials referenced the VJ Copyrighted Works and included a link directing users to purchase Plaintiff's book, demonstrating that Defendant was aware of Plaintiff's materials and had access to the source material from which portions of Defendant's course were copied, adapted, or derived. Defendant nevertheless used Plaintiff's protected expression and the "VERBAL JUDO" mark in its own commercial course offering without authorization, license, or consent.

56.     On information and belief, Defendant has had and continues to have bad faith intent to profit commercially from the VJ Copyrighted Works, the unauthorized derivative works, and the VJ Marks.

57.     Defendant's knowing and reckless conduct renders this an exceptional case entitling Plaintiff to enhanced damages and an award of attorneys' fees.

### COUNT I – TRADEMARK INFRINGEMENT
### <u>UNDER 15 U.S.C. § 1114</u>

58.     VJI repeats and reasserts all allegations in Paragraphs 1 through 57 as if they were stated in full herein.

59.     Defendant has used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations, including verbatim use of the VJI's "VERBAL JUDO" mark  in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

60.     Defendant's use of the "VERBAL JUDO" mark constitutes use of a reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale and offering for sale of services, in a manner likely to cause confusion, mistake, or deception.

61.     The actions of Defendant described in this Count constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

62.     The actions of Defendant described in this Count have also caused damage to Plaintiff, for which VJI should be compensated by Defendant.

**COUNT II – FALSE DESIGNATIONS**
**OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

63.     Plaintiff realleges and incorporates by reference Paragraphs 1-62 of this Complaint as if fully set forth herein.

64.     Defendant has, without Plaintiff's consent, on or in connection with products and services, used in commerce a word, term, name, symbol, device, or any combination thereof which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendant with VJI and its products and services bearing the VJI's "VERBAL JUDO" mark, and/or as to the origin, sponsorship, and/or approval by VJI of Defendant's unauthorized goods and services.

65.     The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a).  Defendant's acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

66.     The acts of Defendant described in this Count have also caused damage to Plaintiff for which Plaintiff should be compensated by Defendant.

## COUNT III – CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

67.     Plaintiff realleges and incorporates by reference Paragraphs 1-66 of this Complaint as if fully set forth herein.

68.     Upon information and belief, Defendant has knowingly induced, caused, and/or materially contributed to the infringing use of the VJ Marks by third parties, including but not limited to entities and individuals to whom Defendant has provided access to its training materials, courses, and certification programs incorporating the "VERBAL JUDO" mark.

69.     Defendant has supplied infringing materials and services to third parties, including training programs and certification offerings, with knowledge, or reason to know, that such third parties would use the VJ Marks in commerce in a manner likely to cause confusion, mistake, or deception, including by distributing such materials through certification programs and bundled training offerings described herein.

70.     Upon information and belief, Defendant has the ability to monitor, control, and restrict the use of the infringing materials and services by such third parties but has failed and refused to do so.

71.     Defendant's conduct constitutes contributory trademark infringement, and unless enjoined by this Court, will continue to cause irreparable harm to Plaintiff.

## COUNT IV – COMMON LAW
## TRADEMARK INFRINGEMENT

72.     Plaintiff realleges and incorporates by reference Paragraphs 1-71 of this Complaint as if fully set forth herein.

73.     In addition to its registered marks, Plaintiff has used the mark "VERBAL JUDO" under common law and has accrued common law rights in the same.

74.     Defendant's actions complained of herein constitute trademark infringement under common law, for which Plaintiff is entitled to relief.

75.     Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-54 of this Complaint as if fully set forth here.

76.     Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of VJI, and to dilute the distinctive quality of VJI's "VERBAL JUDO" mark and all rights held thereunder, in violation of the General Business Law of the State of New York.

77.     By reason of the foregoing, Defendant has violated and continues to violate N.Y. GEN. BUS. LAW § 360-l.

78.     Such conduct on the part of Defendant had caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

79.     Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT V -DECEPTIVE TRADE PRACTICES
## UNDER N.Y. GEN. BUS. LAW § 349

80.     Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-79 of this Complaint as if fully set forth here.

18

81.    Defendant's conduct is consumer-oriented and directed at the public at large, including consumers within the Northern District of New York, through its marketing and sale of online training courses and certification programs.

82.    In the course of business, Defendant has wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that cause injury to VJI and the public.

83.    Defendant's activities and use of VJI's "VERBAL JUDO" mark and images of Dr. Thompson in the "Using 'Verbal Judo'" course falsely suggest affiliation, endorsement, or sponsorship by Plaintiff, misleading consumers in a material way.

84.    Defendant's unfair deceptive business practices involve conduct directed at consumers and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers, including consumers seeking professional certification in tactical communication technique.

85.    Upon information and belief, consumers have purchased Defendant's courses under the mistaken belief that such courses are authorized by, affiliated with, or derived from Plaintiff.

86.    Defendant's deceptive acts have caused injury to consumers and to Plaintiff by diverting sales and damaging Plaintiff's reputation.

87.    Defendant's willful activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as VJI, in violation of N.Y. GEN. BUS. LAW § 349.

88.    Defendant's conduct is causing immediate and irreparable injury to VJI and to its goodwill and reputation and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.

89.     Plaintiff has no adequate remedy at law and is entitled to injunctive relief. Plaintiff is further entitled to recover Defendants' trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorneys' fees pursuant to N.Y. GEN. BUS. LAW § 349.

### COUNT VI – USE OF NAME WITH INTENT TO DECEIVE UNDER N.Y. GEN. BUS. LAW § 133

90.     Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-89 of this Complaint as if fully set forth here.

91.     Defendant's use of the term "VERBAL JUDO" misleads consumers regarding the identity of Defendant by suggesting a relationship, affiliation or sponsorship between Plaintiff and Defendant, when no such relationship, affiliation or sponsorship exists.

92.     Defendant's conduct is causing immediate and irreparable injury to Plaintiff and is entitled to injunctive relief pursuant to N.Y. GEN. BUS. LAW § 133.

### COUNT VII – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101, et seq.

93.     Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-92 of this Complaint as if fully set forth here.

94.     Plaintiff's Copyrighted Works constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq.  Dr. Thompson and his estate recorded the copyrights in and to the Copyrighted Works with the United States Copyright Office and complied with all applicable statutory registration and renewal requirements.

95.     Each of the VJ Copyrighted Works was registered with the United States Copyright Office prior to Defendant's acts of infringement.

96.     As a result, Plaintiff is entitled to recover statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505.

20

97.     Plaintiff owns the United States copyrights in the VJ Copyrighted Works, and the exclusive right to develop, create, and/or produce materials training based and products on the VJ Copyrighted Works.

98.     On information and belief, in direct violation of Plaintiff's exclusive rights, Defendant has directly infringed, and unless enjoined by this Court, will continue to infringe the copyrights in the VJ Copyrighted Works by, among other things:

a.      Preparing unauthorized derivative works of the VJ Copyrighted Works in the form of the training materials and products for educational seminars and the educational seminars themselves;

b.      Reproducing copyrighted elements of the VJ Copyrighted Works;

c.      Distributing copies of the training materials and products for educational seminars, which contain copyrighted elements of the VJ Copyrighted Works;

d.      Authoring printed publications that include, without permission, the original content developed by Dr. Thompson, these infringing works include, but are not limited to, "Using 'Verbal Judo'"; and

e.      Publicly conducting seminars and training courses, including provided asynchronous and/or synchronous training courses online which contain copyrighted elements of the VJ Copyrighted Works.

### COUNT VIII – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### UNDER 17 U.S.C. §§ 101, et seq.

99.     Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-97 of this Complaint as if fully set forth here.

100.    On information and belief, Defendant knew or had reason to know that its training materials and products are unauthorized derivative works based on the VJ Copyrighted

21

Works that are, at least in part, substantially similar to the copyrighted elements in VJ Copyrighted Works.

101. On information and belief, Defendant induced, caused, and materially contributed to the unauthorized preparation, duplication, distribution, and public performance of the infringing training materials, and are continuing to do so.

102. In violation of Plaintiff's exclusive rights, Defendant has contributed to the infringement and, unless enjoined by this Court, will continue to contribute to the infringement of the copyrights in the VJ Copyrighted Works.

### COUNT IX – VICARIOUS COPYRIGHT INFRINGEMENT
### UNDER 17 U.S.C. §§ 101, et seq.

103. Plaintiff realleges and incorporates by reference the allegations contained Paragraphs 1-102 of this Complaint as if fully set forth here.

104. On information and belief, Defendant has the right and ability to supervise the third parties, and on information and belief, did supervise them in their unlawful preparation, duplication, and distribution of the VJ Copyrighted Works and of the unauthorized derivative works of the VJ Copyrighted Works.

105. On information and belief, Defendants enjoy a direct financial benefit from the preparation, duplication, and distribution of the infringing unauthorized derivative works of the VJ Copyrighted Works.

106. In direct violation of Plaintiff's exclusive rights and as a consequence of the foregoing, Defendant has vicariously infringed the copyrights in the VJ Copyrighted Works.

## COUNT X – VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

107.    Plaintiff realleges and incorporates by reference Paragraphs 1–106 as if fully set forth herein.

108.    The VJ Copyrighted Works include copyright management information ("CMI"), including but not limited to authorship attribution to Dr. George J. Thompson and ownership information associated with Plaintiff.

109.    Upon information and belief, Defendant reproduced, adapted, and incorporated portions of the VJ Copyrighted Works into its training materials and course content while removing, omitting, and/or altering such CMI.

110.    Defendant distributed and publicly displayed materials containing portions of the VJ Copyrighted Works without the associated CMI, and with knowledge, or reasonable grounds to know, that such removal or alteration would induce, enable, facilitate, or conceal infringement.

111.    Defendant's conduct constitutes a violation of 17 U.S.C. § 1202, and Plaintiff is entitled to statutory damages, attorneys' fees, and injunctive relief.

### COUNT XI – UNJUST ENRICHMENT

112.    In the alternative to Plaintiff's other claim, Plaintiff realleges and incorporates by reference Paragraphs 1–111 as if fully set forth herein.

113.    Defendant has received a benefit in the form of revenues and profits derived from its unauthorized use of the VJ Marks and the VJ Copyrighted Works.

114.    Defendant's retention of such benefit without compensation to Plaintiff is inequitable and unjust.

23

115.    Equity and good conscience require that Defendant disgorge all profits and benefits obtained as a result of its unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

a)    that Defendant be found to have infringed Plaintiff's rights in VJI's "VERBAL JUDO" mark and the VJ Copyrighted Works and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b)    that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing the VJ Copyrighted Words and VJI's 'VERBAL JUDO" mark, and from engaging in false designation of origin in any other manner;

c)    that Defendant be required to deliver up and/or to destroy any and all products infringing the VJ Copyrighted Works and VJI's 'VERBAL JUDO" mark in its possession, as well as all labels, literature, and advertisements bearing the marks, together with any means for producing same;

d)    that Defendant be ordered to provide an accounting of all profits derived from its sales of goods in connection with the acts complained of herein, and to pay such profits, or such greater sum as this Court deems just and proper, to Plaintiff;

e)    that Defendant be ordered to rescind all professional certifications it provided either directly or indirectly based on the certified party taking a course which included the VJ Copyrighted Works;

f)    that Defendant be ordered to pay damages to Plaintiff adequate to compensate Plaintiff for the acts described in this Complaint, or, upon Plaintiff's election, statutory damages

24

pursuant to 17 U.S.C. § 504 and enhanced damages under the Lanham Act, that such damages be

trebled, and that Defendant be ordered to pay Plaintiff its reasonable attorneys' fees; and

g)    that Plaintiff have such other and further relief as this Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: <u>May 4, 2026</u>

Respectfully submitted,

<u>/s/Rachel L. Pearlman</u>
Rachel L. Pearlman, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
Email: rachel.pearlman@hrfmlaw.com

***Attorneys for Plaintiff, Verbal Judo Institute, Inc. and the George J. Thompson Revocable Trust***