UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

-------------------------------------------------------------------- x

VERBAL JUDO INSTITUTE, Inc. and THE : 
GOERGE J. THOMPSON REVOCABLE TRUST, :
                                            :

           Plaintiffs, :
                                           :

      - against – :   Civil Action No.: 5:26-CV-0996
                                           :   (AJB/MJK)

DEFENCIFY TRAINING, Inc. and DEFENCIFY :
LIMITED LIABILITY COMPANY, :
                                           :

          Defendants. :

-------------------------------------------------------------------- x

## DEFENDANTS DEFENCIFY TRAINING, INC. AND
## DEFENCIFY LIMITED LIABILITY COMPANY'S ANSWER AND DEFENSES

Defendants Defencify Training, Inc. and Defencify Limited Liability Company
(collectively, "Defendants" or "Defencify"), by and through their undersigned attorneys, hereby
answer the Complaint filed by Plaintiffs Verbal Judo Institute, Inc. ("VJI") and the George J.
Thompson Revocable Trust (the "Trust") (collectively, "Plaintiffs"), and assert affirmative and
other defenses as set forth below. [1]

---

[1] Unless expressly and specifically admitted herein, each and every allegation of the Complaint is
denied. The headings and characterizations contained in the Complaint are not allegations
requiring a response, but to the extent they may be deemed allegations, they are denied. Nothing
herein is an admission that any attachment to the Complaint is true and correct or admissible.

1

## JURISDICTION AND VENUE

1.      Defendants admit only that Plaintiffs purport to assert the federal and state claims identified in Paragraph 1 of the Complaint. Defendants deny that the Complaint states claims upon which relief may be granted.

2.      This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the Complaint states claims upon which relief may be granted.

3.      This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Defencify operates a commercial website accessible nationwide.

4.      This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that Defencify operates a commercial website accessible nationwide and that Plaintiffs' representative purchased a course on March 4, 2026.

5.      This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that this Court has personal jurisdiction over the them.

6.      This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## PARTIES

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis deny them.

8.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis deny them.

10.    Defendants admit that Defencify Training, Inc. is a Utah corporation that provides online training and certification, including tactical communications content, with a principal place of business at 56 East Broadway, STE 79, Salt Lake City, Utah 84111. Defendants admit that Defencify Limited Liability Company is a Utah limited liability company that provides online training and certification, including tactical communications content, with a principal place of business at 56 East Broadway, STE 79, Salt Lake City, Utah 84111.

## BACKGROUND FACTS

**Plaintiff, Plaintiff's Copyrights, and Plaintiff's Marks**

11.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny them.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny them.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny them.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis deny them.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in Paragraph 15, including as to the referenced exhibits, and on that basis deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, including as to the referenced exhibits, and on that basis deny them.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny them. Defendants note, however, that Plaintiffs admit the original VERBAL JUDO, stylized V/J, and TAC COM registrations were cancelled by the USPTO in 2016 for failure to file Declarations of Use.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, including as to the referenced exhibits, and on that basis deny them.

20.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, including as to the referenced exhibits, and on that basis deny them.

21.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis deny them.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis deny them.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny them.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny them.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis deny them.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, including as to the referenced exhibits, and on that basis deny them.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny them.

**Defendant and its Allegedly Unauthorized Use of the VJ Marks and the VJ Copyrighted Works**

31.    Defendants admit that the course referenced Dr. George Thompson's Verbal Judo book, identified him as the creator of the Verbal Judo communication methodology, included an image of his book, referenced it throughout, recommended students purchase the book, and provided a link to a publicly available YouTube presentation by Dr. Thompson. Defendants admit the course was intended as an introductory overview of the Verbal Judo methodology for private security officers. Defendants deny any implication of unauthorized "possession" or copying of the VJ Copyrighted Works. To the extent this Paragraph refers to "evidence," that is a

legal conclusion requiring no response. Defendants deny any remaining allegations in Paragraph 31.

32.     Defendants admit that they developed a one-hour introductory training course for private security officers discussing Verbal Judo as a communication methodology, which also contains original security-specific scenarios and examples developed for Defendants' audience. Defendants deny that the course wholly incorporated the VJ Copyrighted Works or created unauthorized derivative works. Defendants deny any remaining allegations in Paragraph 32.

33.     Defendants admit that Defencify Training, Inc. is a Utah corporation operating a commercial website providing online training courses to customers throughout the United States and that the referenced course is no longer offered for sale. Defendants deny that the course is or was "infringing." Defendants deny any remaining allegations in Paragraph 33.

34.     Defendants admit that Defendants offer online training courses for sale through a nationally accessible website. Defendants deny that Defendants specifically market or target customers in the Northern District of New York. The remaining allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that the "Using Verbal Judo" course was available through Defendants' website during the relevant period. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegations that mischaracterize or contradict them. Defendants further deny that the "1000's of Graduates" statement specifically referred to the "Using Verbal Judo" course. Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that their website is accessible nationwide. The remaining allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.     Defendants deny that they created or produced a 90-minute "Verbal Judo in Action" video. Defendants state that the course referenced a publicly available YouTube video featuring Dr. Thompson titled "Verbal Judo: Diffusing Conflict Through Conversation" as an optional resource, and did not represent the video as its own work. Without admitting that the referenced exhibit is true and correct, Defendants deny any allegation that mischaracterizes or contradicts that exhibit. Defendants deny the remaining allegations of Paragraph 37.

38.     Defendants admit that on March 4, 2026, Luke Bennett purchased the "Using Verbal Judo" course, which was then available through Defendants' website. Defendants state that the website was publicly accessible nationwide and not specifically marketed or targeted to customers in the Northern District of New York. Defendants deny the remaining allegations of Paragraph 38.

39.     Defendants admit that the course was offered as a stand-alone one-hour course and also included as one component of several larger programs and bundles, including the Utah School Guardian Program, Gold Certification – Defencify Academy, GuardForce Mastery, and several state-specific security guard training bundles. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegation that mischaracterizes or contradicts them. The remaining allegations in this Paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 39.

7

40. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegation that mischaracterizes or contradicts them. Defendants deny the remaining allegations of Paragraph 40.

41. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations except admit the course included references to and images of Dr. Thompson as the creator of Verbal Judo in connection with educational content, referenced his book, and encouraged students to purchase the book and watch the official Verbal Judo training video for additional learning. Without admitting that the referenced exhibit is true and correct, Defendants deny any allegation that mischaracterizes or contradicts it. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants admit that Defencify offers Bronze, Silver, and Gold training programs through the Defencify Academy and that students who complete the applicable courses receive a Defencify Academy certificate reflecting successful completion. Defendants deny that Defendants represent these as certifications issued by, accredited by, or endorsed by an independent professional accreditation organization. Defendants deny the remaining allegations of Paragraph 42.

43. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44. Defendants admit that they did not have a license or written authorization from VJI or the Trust relating to the course and did not seek or obtain permission before offering it. Defendants deny that permission was required because Defendants did not unlawfully use the VJ

8

Copyrighted Works or the VJ Marks. Defendants deny the remaining allegations of Paragraph 44.

45.    Defendants admit Plaintiffs sent a cease and desist letter but denies the contents of that letter proved infringement. To the extent Paragraph 45 contains legal conclusions, Defendants further deny the allegations on that basis. Without admitting that the referenced exhibit is true and correct, Defendants deny any allegation that mischaracterizes or contradicts it. Defendants deny any remaining allegation in Paragraph 45.

46.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegation that mischaracterizes or contradicts them. Defendants deny any remaining allegation in Paragraph 45.

47.    Defendants object to inclusion of settlement discussions in the pleadings. Under FRE Rule 408, such discussions should not be the subject of any allegations in the lawsuit. Defendants admit there were communications and that the parties did not resolve the dispute. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegation that mischaracterizes or contradicts them. To the extent the allegations in this Paragraph constitute or rely on legal conclusions, no response is necessary. Defendants otherwise deny the allegations in Paragraph 47.

48.    Defendants object to inclusion of settlement discussions in the pleadings. Under FRE Rule 408, such discussions should not be the subject of any allegations in the lawsuit. Defendants admit there were communications and that the parties did not resolve the dispute. Without admitting that the referenced exhibits are true and correct, Defendants deny any allegation in this Paragraph that mischaracterizes or contradicts the referenced exhibits. To the

9

extent the allegations in this Paragraph constitute or rely on legal conclusions, no response is necessary. Defendants otherwise deny the allegations in Paragraph 48.

49.     Defendants admit that Defendants' counsel continued communicating with VJI's counsel regarding the allegations and possible resolution and that no agreement was reached before VJI filed suit. Defendants lack knowledge or information as to Plaintiffs' statement that they "elected not to continue waiting," and on this basis deny that allegation. Defendants otherwise deny the remaining allegations in Paragraph 49.

50.     Defendants deny that Defendants had no interest in resolving the matter except in a court of law. Defendants further aver that, without admitting liability, they complied with the cease and desist letter and counsel engaged in settlement discussions. To the extent the allegations in Paragraph 50 constitute or rely upon legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

## COUNT I – TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

58.     Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

59.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 62.

## COUNT II – FALSE DESIGNATIONS OF ORIGIN
## UNDER 15 U.S.C. § 1125(a)

63.     Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

64.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 64 .

65.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 65.

66.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 66.

## COUNT III – CONTRIBUTORY TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1125(a)

67. Defendants repeat and reallege each of their responses to the preceding paragraphs as if fully set forth herein.

68. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 68.

69. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 69.

70. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants state that business customers received access to Defencify-controlled content and did not create or modify Defencify course content.

71. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

## COUNT IV – COMMON LAW
## TRADEMARK INFRINGEMENT

72. Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

73. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and on that basis deny them.

74. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.    Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

76.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

## COUNT V – DECEPTIVE TRADE PRACTICES
## UNDER N.Y. GEN. BUS. LAW § 349

80.    Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

81.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.    Defendants deny the allegations of Paragraph 85. Defendants state that they are not aware of any consumer who purchased Defendants' courses under the mistaken belief that such courses are authorized by, affiliated with, or derived from Plaintiffs.

86.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

## COUNT VI – USE OF NAME WITH INTENT TO DECEIVE
### UNDER N.Y. GEN. BUS. LAW § 133

90.    Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

91.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

## COUNT VII – COPYRIGHT INFRINGEMENT
### UNDER 17 U.S.C. §§ 101, et seq.

93.    Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

14

94. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and on that basis deny them.

96. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis deny them.

98. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

## COUNT VIII – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### UNDER 17 U.S.C. §§ 101, et seq.

99. Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

100. Defendants deny the allegations in Paragraph 100.

101. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

## COUNT IX – VICARIOUS COPYRIGHT INFRINGEMENT
### UNDER 17 U.S.C. §§ 101, et seq.

103. Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

15

104.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

## COUNT X – VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

107.     Defendants repeat and reallege each of their responses to the preceding Paragraphs as if fully set forth herein.

108.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and on that basis deny them.

109.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 relating to and dependent on "CMI "and on that basis deny them. Defendants specifically deny any wrongful reproduction, incorporation or adaptation of Verbal Judo materials in its course.

110.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.     This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

## COUNT XI – UNJUST ENRICHMENT

112.     Defendants repeat and reallege each of their responses to the preceding paragraphs as if fully set forth herein.

16

113.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue for which Plaintiffs bear the burden, and without admitting any allegation of the Complaint, Defendants assert the following affirmative and other defenses. Defendants reserve the right to assert additional defenses as they become known through discovery or further investigation.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to one or more counts, and each such count should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiffs' copyright infringement claims are barred, in whole or in part, by the doctrine of fair use under 17 U.S.C. § 107.

### THIRD DEFENSE

Plaintiffs' trademark infringement claims are barred, in whole or in part, by the doctrines of descriptive and nominative fair use.

### FOURTH DEFENSE

Plaintiffs' trademark claims fail because Defendants' references are not likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, or approval.

**FIFTH DEFENSE**

Plaintiffs' trademark claims are barred or limited because "Verbal Judo" is generic, descriptive, or otherwise limited in scope as used in the relevant market for communication, de-escalation, and tactical-communication training. Defendants reserve the right to develop this defense based on marketplace evidence and discovery.

**SIXTH DEFENSE**

Plaintiffs' trademark rights are limited or barred by the prior abandonment, lapse and 2016 cancellation of the original VERBAL JUDO, stylized V/J, and TAC COM registrations for failure to file Declarations of Use. The cancellation and subsequent re-registration affect priority, presumptions, and the scope and enforceability of the asserted marks, and Defendants reserve the right to show abandonment, loss of source significance, or genericness based on discovery.

**SEVENTH DEFENSE**

Plaintiffs' claims for enhanced damages, statutory damages, fees, or exceptional-case relief are barred or limited because Defendants did not act willfully, knowingly, recklessly, or in bad faith. Defendants allege that they removed the course promptly after receiving Plaintiffs' cease-and-desist letter and deny any intent to infringe or confuse consumers.

**EIGHTH DEFENSE**

Plaintiffs' state-law claims — including those under N.Y. Gen. Bus. Law §§ 349, 133, and § 360-l, and for unjust enrichment — are preempted, in whole or in part, by 17 U.S.C. § 301 to the extent they seek to vindicate rights equivalent to the exclusive rights under the Copyright Act, including any alleged benefit, injury, or unauthorized use based on the VJ Copyrighted Works. To the extent Plaintiffs base those claims on trademark theories, they are independently barred or limited by the other defenses asserted herein.

### NINTH DEFENSE

Defendants preserve and assert their defense under Federal Rule of Civil Procedure 12(b)(2) that this Court lacks personal jurisdiction over them. Defendants are Utah-based entities that do not maintain offices, employees, property, or targeted operations in the Northern District of New York, and Defendants deny that they purposefully directed the challenged conduct toward this District or purposefully availed themselves of the privilege of conducting activities here.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, estoppel, and acquiescence to the extent Plaintiffs delayed enforcement while "Verbal Judo" was widely used to describe communication and de-escalation techniques in the private security and law enforcement industry.

### ELEVENTH DEFENSE

Defendants' course consists substantially of original, independently created security-specific scenarios, commentary, and examples, and has substantial non-infringing content and uses. Any overlap with the VJ Copyrighted Works was limited to unprotectable ideas, facts, methods, systems, short phrases, titles, and general methodological concepts. Any quotations or excerpts, if protectable, were limited, attributed, and used in a manner that does not render the course substantially similar to protectable expression in the VJ Copyrighted Works.

### TWELFTH DEFENSE

Plaintiffs failed to mitigate their alleged damages and have suffered no cognizable damages.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and/or intellectual-property misuse to the extent discovery shows that Plaintiffs assert rights beyond

19

their permissible scope, seek to control unprotectable ideas, methods, or terminology, or enforced purported rights inequitably.

## FOURTEENTH DEFENSE

Plaintiffs' claim under 17 U.S.C. § 1202 is barred because Defendants did not knowingly remove or alter copyright management information with the required knowledge or intent to induce, enable, facilitate, or conceal infringement. The course expressly attributed the Verbal Judo methodology to Dr. George J. Thompson.

## FIFTEENTH DEFENSE

Plaintiffs' contributory and vicarious trademark and copyright claims are barred in whole or in part to the extent that Defendants did not intentionally induce infringement, did not continue supplying products or services to any known infringer, did not have specific knowledge of third-party infringement, did not materially contribute to third-party infringement, and did not receive a direct financial benefit from third-party infringing activity.

## SIXTEENTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law §§ 360-l, 349, and 133 and for unjust enrichment are barred or limited in whole or in part because Plaintiffs fail to allege and/or cannot prove protectable distinctiveness or dilution, consumer-oriented conduct causing public harm in New York, materially misleading conduct, bad-faith intent to deceive, an inequitable benefit retained by Defendants, or injury caused by Defendants' alleged conduct.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent Plaintiffs cannot prove current ownership,

chain of title, standing, registration, priority, continuous use, originality, protectable expression,

and enforceable rights as to each asserted mark, work, and claim for relief.


Dated:  July 24, 2026
      New York, New York


                             Respectfully submitted,


                             */s/ Deborah H. Renner*
                             Deborah H. Renner
                             Rebecca Hughes Parker (admission pending)

                             1221 Avenue of the Americas
                             New York, NY 10020-1089
                             United States
                             Phone:  (212 )768-6700
                             Fax: (212) 768-6800
                             Email: deborah.renner@dentons.com
                                       rebeccahughes.parker@dentons.com

                             *Attorneys for Defendants Defencify Training, Inc.*
                             *and Defencify Limited Liability Company*