CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VERBAL JUDO INSTITUTE, INC. and the
GEORGE J. THOMPSON REVOCABLE TRUST,

Plaintiffs,

v.                                                     NO. 5:26-CV-0996 (AJB/MJK)

DEFENCIFY TRAINING, INC. and
DEFENCIFY LIMITED LIABILITY COMPANY,

Defendants.

**IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Mitchell J. Katz, United States Magistrate Judge on August 3, 036 at 2:00PM. at the United States Courthouse,  Room No_____, at_____ _____, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than seven (7) **days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1)  JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before November 16, 2026.

**2)  AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before November 16, 2026.

**3)  DISCOVERY:** All fact discovery in this action shall be completed on or before January 20, 2027. **(Discovery timetable is to be based on the complexity of the action)**

**4)  MOTIONS:** All non-dispositive motions shall be made on or before August 20, 2027. All dispositive motions shall be made on or before October 1, 2027. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

SL_9080894.1                                    Page 1

**5) EXPERT WITNESS DISCLOSURE:** Plaintiff's Expert Witness disclosure shall be exchanged on or before October 15, 2026 (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before October 31, 2026 (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before December 21, 2026 (at least thirty days before the close of discovery).

**6) MANDATORY MEDIATION:** A stipulation selecting mediator must be filed on or before September 15, 2026. Mediation must be completed on or before October 30, 2026.

**7) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before October 1, 2027. It is anticipated that the trial will take approximately 3 days to complete. The parties request that the trial be held in Albany, N.Y.
**(The proposed date for the commencement of trial must be within 18 months of the filing date unless the case is designated as complex**).

**8) HAVE THE PARTIES FILED A JURY DEMAND:** YES

**9) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The court does have subject matter jurisdiction as the matter involves New York state common law trademark rights and federal statutes 17 U.S.C. § 101 and 15 U.S.C. § 1051. Defendants reserve the right to challenge personal jurisdiction. Defendants received a Notice of Waiver for Service Summons and waived service.

**10) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiffs' Position:
Plaintiffs, Verbal Judo Institute, Inc. ("VJI") and the George J. Thompson Revocable Trust, assert claims for Federal Trademark Infringement, False Designation of Origin, Contributory Trademark Infringement, Common Law Trademark Infringement, New York State Trademark Dilution, Deceptive Trade Practices, Use of Name with Intent to Deceive, Copyright Infringement, Contributory Copyright Infringement, Vicarious Copyright Infringement, violation of the Digital Millennium Copyright Act, and Unjust Enrichment. These claims arise from Defendants' unauthorized use of Plaintiffs' federally registered VERBAL JUDO mark and copyrighted training materials in Defendants' competing commercial training courses and certification programs.

Dr. George J. Thompson originated the Verbal Judo tactical-communication technique and began teaching it in 1983. VJI has trained more than one million people, offers instruction on four continents and in three languages, and has developed a nationally and internationally recognized reputation among law-enforcement, corrections, security, emergency-services, and other professionals. VJI owns federal registrations for the VERBAL JUDO, TAC COM, VERBAL JUDO ESSENTIALS, and stylized VJ marks, while the Trust owns numerous registered copyrights covering Dr. Thompson's books, instructional materials, presentation materials, and other works. These copyrighted works form the basis of VJI's courses and training materials, and VJI has invested substantial resources in promoting its programs, maintaining professional accreditations, and developing the goodwill associated with the Verbal Judo name.

Despite Plaintiffs' longstanding rights, Defendants created, marketed, and sold a competing course entitled "Using 'Verbal Judo,'" which repeatedly uses the VERBAL JUDO mark and incorporates material copied, adapted, or

derived from Plaintiffs' copyrighted works, both verbatim and in paraphrased form. Defendants' course also uses images of and references to Dr. Thompson, thereby suggesting a nonexistent affiliation with, sponsorship by, or approval from Plaintiffs.

Defendants incorporated the course into numerous security-training bundles and certification programs offered throughout the United States and, upon information and belief, supplied infringing materials to third parties for use in additional training and certification programs. Neither Plaintiff authorized Defendants to use the VJ Marks or VJ Copyrighted Works. Although Plaintiffs notified Defendants of the infringement, supplied documentary evidence and specific examples, and made repeated efforts to resolve the dispute, Defendants failed to acknowledge Plaintiffs' trademark rights or provide an adequate resolution.

In summary, Defendants knowingly used Plaintiffs' famous and long-established VERBAL JUDO identity and protected course content to market competing training and certification services, thereby trading on Plaintiffs' reputation, creating confusion concerning affiliation and sponsorship, diverting sales, and damaging the goodwill associated with Plaintiffs and their intellectual property.

Defendants' Position:

"Verbal Judo" is a well-known, descriptive term for conversational de-escalation techniques in strenuous circumstances; this term has been used to describe de-escalation techniques since at least 1983 and the term is widely recognized to be descriptive of de-escalation techniques in the security, law enforcement, and other industries. In any event, without any admission of liability and in order prevent unnecessary litigation, Defendant took down its course promptly after receiving a cease-and-desist letter from Plaintiffs' counsel.

Defendants descriptively used VERBAL JUDO to describe and outline various de-escalation techniques in their training courses. Any use by Defendants of VERBAL JUDO and Dr. Thompson's book content were properly attributed to Dr. Thompson and did not create any derivative works. Defendant has asserted substantial defenses in its Answer, including, among other things, lack of personal jurisdiction, lack of damages, fair use under trademark and copyright law, and lack of trademark confusion.

## 11) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

Factual issues: whether Defendants targeted New York in their advertising/marketing/sales of the training courses; whether Defendants wholesale copied or otherwise derived the Verbal Judo content from Defendants' copyrighted works. Who generated Defendants' "Verbal Judo" course, whether that entity employed AI, and whether the AI had access to and/or was trained on Defendants' copyrighted works.

Legal issues:
- Plaintiffs dispute:
  - Defendants' claims it is not subject to personal jurisdiction in this court;
  - Defendants' assertions that its use of Plaintiffs' copyrighted material and trademarks constitutes fair use;
  - Defendants' assertion that is does not infringe Defendants' VERBAL JUDO trademark;
  - Defendants' assertion that Plaintiff's VERBAL JUDO trademark is generic or descriptive;
  - Defendants' assertion that it does not infringe Defendants' copyrighted works;
  - Defendants' assertion that the lapse in the registration of Plaintiffs' trademarks affects their enforceability;
  - The applicability of the defenses of waiver, laches, acquiescence or estoppel; and
  - The amount of damages owed by Defendants.

SL_9080894.1                                      Page 3

- Defendants dispute:
    - Whether Defendants' references to Verbal Judo, and attribution to Dr. Thompson's works, rise to the level of copyright infringement;
    - Whether Defendants' descriptive uses of Verbal Judo rise to the level of trademark infringement; and
    - Whether Plaintiffs were damaged.

## 12) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

Unknown at this time.

## 13) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff is seeking a permanent injunction against Defendant from use of Plaintiff's trademarks and copyrighted materials, statutory damages for trademark infringement, as well as compensatory damages, treble damages, attorneys' fees and any further relief that the Court deems proper.

Defendants seek no damages at this time and reserve the right to seek attorneys' fees if appropriate.

## 14) DISCOVERY PLAN:

### A.    Mandatory Disclosures

**The parties will exchange the mandatory disclosures required under Rule 26(a)(1) on July 27, 2026, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.**

### B.    Subjects of Disclosure

Plaintiffs plan to address the following subjects in discovery:

- Evidence of Defendants' alleged infringement of the Plaintiff's copyrighted materials, including the timing and extent of such infringement;
- Evidence of Defendants' alleged infringement of the Plaintiff's marks, including the timing and extent of such infringement;
- Defendants' alleged profits generated from the use of Plaintiff's marks;
- Defendants' alleged willful infringement;
- Defendant entities' organizational structure and entity status;
- Defendants' activities related to the creation, advertisement, marketing,  and sales of its "Verbal Judo" course;

Defendants plan to address the following subjects in discovery:

- Use of VERBAL JUDO in the security and law enforcement industries;
- Use of VERBAL JUDO to identify Verbal Judo Institute as the source of educational services;
- Establishment of the Verbal Judo Institute and its activities as it relates to educational services;

SL_9080894.1                                Page 4

- o   Establishment of the George J. Thompson Revocable Trust;
- o   The chain of ownership of the asserted trademark and copyright registrations;
- o   other subjects as appropriate for the issues at hand; and
- o   Whether Plaintiffs have been damaged.

Nothing herein is intended to prevent either party from objecting appropriately to any topic or request in discovery.

### C.    Discovery Sequence

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

It is Plaintiff's as well as Defendants' understanding that discovery will not be phased to address different issues.

### D.    Written Discovery

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

Plaintiffs intend to serve: written discovery demands under Rules 33, 34, and 36 including interrogatories, requests for production, requests for admission, and may promulgate them any time during discovery in relation to all subjects of disclosure. Plaintiff does not anticipate the need to exceed the number of interrogatories permitted under Rule 33 but reserves the right to do so for good cause.

Defendants intend to serve: written discovery demands under Rules 33, 34, and 36 including interrogatories, requests for production, requests for admission, and may promulgate them any time during discovery in relation to all subjects of disclosure. These demands will include, among other things, the Verbal Judo Institute's trademark registrations, including the alleged dates of first use and evidence to support the alleged use of January 1985; Dr. Thompson's history in law enforcement and development of VERBAL JUDO; use of the phrase VERBAL JUDO throughout the security and law enforcement industries; annual sales of Dr. Thompson's book and other adaptations of that book; other discovery demands relevant to the infringement and state law questions at issue.
Defendants do not anticipate needing to exceed the number of interrogatories permitted under Rule 33, but reserve the right to do so for good cause.

### E.    Depositions

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

Plaintiffs anticipates the need for less than 8 depositions (not including Defendants' experts, if any) including depositions of principals from both Defendant entities.  Defendants also plan to depose professionals at Defendants, which Plaintiff will request that Plaintiffs identify, who participated in the created and administration of Plaintiffs' so-called "Verbal Judo" course, who handle the certifications maintained by Defendants, and who can provide information regarding advertisement, marketing, and sales, of Defendants' courses. Depositions may be conducted in person or

remotely via videoconference.

Defendants expect no fewer than three depositions. The deponents will include, at least: 1) Pamela L. Thompson (Trustee, President of VJI — ownership/chain of title, trademark history, damages, 2016 cancellation, licensing revenue); 2) Luke Bennett (purchased Defendants' course on March 4, 2026 — course content, basis for infringement allegations); and 3) Lee Fjelstad (former President/Vice President of VJI — VJI history, trademark lapse, ownership disputes). Defendants believe they are all located in New York. Non-party depositions of third-party industry participants may also be necessary to establish generic use of "Verbal Judo" in the security and law enforcement industries. Depositions may be conducted in person or remotely via videoconference.

### F.   <u>Experts</u>

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

Plaintiff anticipates calling one or more experts to support its claims and/or defenses, and does not seek a variance from the typical expert disclosure requirements. Defendants expect to retain: (1) a trademark/survey expert to establish that VERBAL JUDO is generic or merely descriptive for de-escalation techniques and to address the absence of likelihood of confusion (relevant to Affirmative Defenses 4 and 5, and Counterclaim Count III); (2) a copyright expert to address fair use, the idea/expression distinction, and the scope of protectable expression in the VJ Copyrighted Works (relevant to Affirmative Defense 2 and Counterclaim Count II); and (3) potentially a damages expert to rebut Plaintiffs' claimed damages and address Defendants' limited revenue from the course (relevant to Affirmative Defense 12).

### G.   <u>Electronic Discovery</u>

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

Subject to an appropriate joint ESI protocol, the parties expect to agree to the following:
- The parties will identify the relevant custodians and time frame for searching electronic information and will agree on the list.
- Where relevant, the parties will undertake a reasonable search of reasonably accessible electronically stored information (including email, texts, websites [past and present], search engine communications and engagements, advertising keywords, and social media postings) in response to discovery requests that implicate electronically stored information.
- The parties may produce copies of electronically stored information in pdf format (or another text searchable format) or in TIFF format with accompanying OCR files.

- The parties may also further meet and confer on a procedure to search for ESI if the need arises.

The ESI protocol will also address privilege and work product protection.

### H.    <u>Protective Orders</u>

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

Defendants anticipate utilization of the standard protective order in the Northern District of New York, as both parties will be disclosing sensitive business data including revenue figures, sales records, licensing terms, customer information, and course development materials.

### I.    <u>Anticipated Issues Requiring Court Intervention</u>

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

At this stage of the litigation, and provided that the appropriate protective order and ESI protocols are put in place, the parties do not reasonably anticipate discovery issues that would require court intervention.

**15)  IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Parties are not aware of this time of means of expediting trial or bifurcation of issues for trial.

**16)  ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No

**17)  IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**18)  WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

      1-----2-----3-----4-----5-----6-----7-----8-----9-----10
    **(VERY UNLIKELY)**° ° ° ° ° ° ° ° ° ° ° ° **(LIKELY)**

**CANNOT BE EVALUATED PRIOR TO_____(DATE)**

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The parties are in settlement discussions and anticipate mediation if settlement efforts fail.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 19 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject*
*to Mandatory Mediation under General Order #47.*

19) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE**:

   A.  Reviewed General Order #47 ?  **YES**/NO
   B.  Reviewed the List of Court Approved Mediators available on the NDNY website?  **YES**/NO
   C.  Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program.  **YES**/NO
   D.  Discussed the time frame needed to complete Mandatory Mediation?  **YES**/NO

**************************************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on 7/14/2026 via teleconference with the participation of:
                                                    (Date)                    (Place)
HESLIN ROTHENBERG FARLEY & MESITI P.C.

Rachel L. Pearlman for plaintiffs Verbal Judo Institute, Inc. and The George J. Thompson Revocable Trust
                                                                                (party name)

Deborah H. Renner for defendant(s) Defencify Training Inc., Defencify LLC
                                                                                (party name)

Rebecca Hughes Parker for defendant(s) Defencify Training Inc., Defencify LLC
                                                                                (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date*.

SL_9080894.1                                Page 8